UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9095 PA (KSx) | Date | October 8, 2020 |
|---|---|---|---|
| Title | Burhaan Saleh v. Hudsons Bay Company et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| G. Garcia | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

      Before the Court is a Complaint filed by plaintiff Burhaan Saleh ("Plaintiff") on October 2, 2020. (Dkt. 1 ("Compl.").) Plaintiff alleges that the Court possesses jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Id. at ¶12.) However, the Complaint fails to adequately show the parties are completely diverse. The Court therefore dismisses the Complaint and grants Plaintiffs leave to amend and establish federal subject matter jurisdiction.

      Federal Rule of Civil Procedure 8(a) requires, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1. Federal courts have subject matter jurisdiction over only those matters authorized by the Constitution and Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). In seeking to invoke this Court's jurisdiction, Plaintiffs bear the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

      To establish diversity jurisdiction under CAFA, a plaintiff must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states, that the class contains no less than 100 members, and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5). Plaintiff alleges that "the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from at least one Defendant." (Compl. ¶12.) Plaintiff also alleges that "[o]n information and belief, members of the Class number in the thousands." (Id. at ¶47.)

      However, Plaintiff fails to properly allege his own citizenship. Plaintiff states that he "is a California resident who lives in Glendale, California." (Id. at ¶4.) To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). But residence is not necessarily the same as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9095 PA (KSx) | Date | October 8, 2020 |
|---|---|---|---|
| Title | Burhaan Saleh v. Hudsons Bay Company et al. | | |

domicile.  Id.  ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").  Thus, Plaintiff has not adequately alleged that at least one plaintiff and one defendant are citizens of different states.

      For these reasons, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction.  Despite these deficiencies, a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist—even though the complaint inadequately alleges jurisdiction.  See 28 U.S.C. § 1653; Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1561 (9th Cir. 1987) ("Leave to amend a complaint should be freely given in the absence of a showing of bad faith or undue delay by the moving party or prejudice to the nonmoving party."). The Court hereby grants Plaintiff leave to amend to attempt to establish federal subject matter jurisdiction. **Plaintiff's Amended Complaint, if any, shall be filed no later than October 15, 2020.**  The failure to adequately respond to this order may result, without further warning, in the dismissal of this action without prejudice.  Plaintiff would then be free to pursue his claims in state court.

      IT IS SO ORDERED.